RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ALEXANDER E. STEVKO (CA Bar No. 301359)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

Billy J. Williams
United States Attorney
District of Oregon

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>    v.<br><br>JIM L. SESMA; LAURA D. SESMA; CORAL SKIES ENTERPRISES; RED SUNSET ENTERPRISES; OREGON DEPARTMENT OF REVENUE; and JACKSON COUNTY, OREGON<br><br>        Defendants. | Case No.<br><br>COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS |

The United States of America complains and alleges as follows:

1.    This is a civil action by the United States of America to (1) reduce to judgment federal income tax and frivolous submission penalty assessments against Jim Sesma and Laura Sesma for various tax years between 2003 and 2010; (2) determine that Coral Skies Enterprises

holds title to real property located at 7888 Redthorne Rd., Rogue River, Oregon 97537 (the "Redthorne Road Property") as the nominee or alter ego of Jim and Laura Sesma, or alternatively, to hold that it received the real property in a fraudulent transfer from the Sesmas; (3) determine that Red Sunset Enterprises holds title to an airplane in Jackson County, Oregon as the nominee or alter ego of Jim and Laura Sesma, or alternatively, to hold that it received the airplane in a fraudulent transfer from the Sesmas; and (4) to foreclose federal tax liens on the real property and airplane.

## JURISDICTION AND VENUE

2.      This action is brought at the direction of the Attorney General of the United States and at the request and with authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3.      This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1340 and 1345.

4.      Venue is proper in the District of Oregon under 28 U.S.C. §§ 1391(b) and 1396. Jim and Laura Sesma reside in this district and the property at issue is located in this district.

## DEFENDANTS

5.      Jim Sesma resides in this district in the Redthorne Road Property. His income tax liabilities for 2006 and 2008 and civil penalties for frivolous submissions for 2003-2006, 2009, and 2010 form part of the basis of this suit.

6.      Laura Sesma is the wife of Jim Sesma. She resides within this district in the Redthorne Road Property. Her income tax liabilities for 2006 and 2008 and civil penalties for frivolous submissions for 2009 and 2010 form part of the basis of this suit.

7.      Coral Skies Enterprises is the titleholder to the real property at issue. It is not a registered entity, but Jim Sesma has been listed as its executive trustee. It is named as a defendant under 26 U.S.C. § 7403(b) because it currently holds legal title to the real property at issue in this case.

8.      Red Sunset Enterprises is the titleholder to the airplane at issue. It is not a registered entity, but Jim Sesma has been listed as its executive trustee. It is named as a defendant under 26 U.S.C. § 7403(b) because it currently holds legal title to the airplane at issue in this case.

9.      Jackson County is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue in this case.

10.      The Oregon Department of Revenue is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue in this case.

## THE REDTHORNE ROAD PROPERTY

11.      The real property at issue is a single-family home located at 7888 Redthorne Rd., Rogue River, Oregon 97537. Its account number is 1-0713631 and its legal description is "Lot 9 of Redthorne Subdivision, Jackson County, Oregon."

12.      The Sesmas acquired the Redthorne Road Property for $380,000 by statutory warranty deed on September 2, 2004. The Sesmas paid the purchase price with a cashier's check and wire transfer from bank accounts in their name or of which they were the beneficiaries.

13.      On May 22, 2007, the Sesmas recorded a Real Property Bill of Exchange Agreement and Contract conveying the Redthorne Road Property to Coral Skies Enterprises for "$1,000 and/or any other consideration." The transfer did not go through a title company. Coral

Skies Enterprises is not a registered entity, and Jim Sesma signed the bill of exchange on behalf of Coral Skies Enterprises as its "Executive Trustee."

14.     The Sesmas continue to reside in the Redthorne Road Property.

## THE AIRPLANE

15.     On October 17, 1990, the Sesmas purchased a 1980 Cessna TR 182 fixed wing single engine airplane ("the Airplane"), Aircraft Serial No. R18201370 and U.S. Registration No. N4658S.

16.     On October 31, 2007, the Sesmas executed an Aircraft Bill of Sale through which they transferred their interest in the Airplane to "Jimmy Louis Sesma, Executive Trustee for Red Sunset Enterprises" for "$1,000 and other good and valuable consideration." Red Sunset Enterprises is an unregistered entity.

17.     Upon information and belief, the Airplane is located at a hanger in Jackson County, Oregon.

## FEDERAL TAX LIABILITIES AND LIENS

18.     For tax year 2006, the Sesmas late filed a joint Form 1040 return in July 2009. The return reported a tax liability of $63,102 and requested a refund of $660,690 based on the use of IRS Form 1099-OID to report false income tax withholding and estimated tax payments of $116,755 and $606,997, respectively.

19.     The IRS disallowed the refund due to the false reporting of withholding and estimated payments, and on December 5, 2011, a duly authorized delegate of the Secretary of Treasury assessed income tax of $87,199. The IRS abated $24,097 of tax on March 5, 2012 to arrive at a total assessment of $63,102, which was based on the self-reported amount in the Sesmas' return.

20.     In 2011, the IRS audited the Sesmas' 2006 Form 1040 and determined a deficiency of $28,891. The IRS issued a statutory notice of deficiency for this amount, and the Sesmas did not file a timely petition to the U.S. Tax Court. On August 20, 2012, a duly authorized delegate of the Secretary of Treasury assessed the income tax deficiency along with related penalties.

21.     In February of 2010, the Sesmas late filed a joint IRS Form 1040 for tax year 2008. The 1040 reported income tax liability of $18,217. Based on the self-reported amount in the return, a duly authorized delegate of the Secretary of Treasury assessed $17,017 on April 5, 2010 and $1,200 on March 5, 2012.

22.     In 2011, the IRS audited the Sesmas' 2008 return and determined a deficiency of $7,798. The IRS issued a statutory notice of deficiency, and the Sesmas did not file a timely petition to the U.S. Tax Court. On August 20, 2012, the IRS assessed the income tax deficiency along with related penalties.

23.     From 2003 to at least 2011, the Sesmas submitted many frivolous documents to the IRS purporting to show either that they were owed excessive and erroneous tax refunds based on inflated withholding and estimated payment claims reported using IRS Forms 1099-OID, or that they had paid their reported tax liabilities by mailing fake "Private Registered Setoff Bonds" and/or UCC Financing Statements to the U.S. Treasury Secretary.

24.     For many of the tax years between 2003 and 2011, the Sesmas separately submitted multiple copies of the returns and attachments to the IRS.

25.     The IRS sent the Sesmas letters warning them of the potential for the assessment of a penalty for frivolous tax submissions pursuant to 26 U.S.C § 6702. The Sesmas sent some letters back in response making the same frivolous arguments.

26.     Based on all of these submissions, a duly authorized delegate of the Secretary of Treasury assessed the 26 U.S.C. §6702 penalty against Jim Sesma for 2003, 2004, 2005, 2006, 2009, and 2010, and against Laura Sesma for 2009 and 2010.

27.     The following table summarizes the IRS assessments against Jim and Laura Sesma:

| Joint Liability for Jim and Laura Sesma | | | | |
|---|---|---|---|---|
| Type of Tax | Tax Period | Assessment Date | Amount and Type of Assessment | Outstanding Balance as of Sept. 20, 2019[1] |
| Income (1040) | 2006 | 12/05/2011 | $87,199.00 – Tax | $232,048.38 |
| | | 03/05/2012 | $(24,097.00) – Abatement | |
| | | 08/20/2012 | $5,778.20 – Accuracy-related penalty | |
| | | 08/20/2012 | $22,998.25 – Late filing penalty | |
| | | 08/20/2012 | $28,891.00 – Additional tax from exam | |
| | | 10/07/2013 | $40,216.28 – Interest | |
| | | 10/07/2013 | $16,980.65 – Failure to pay penalty | |
| | | 10/06/2014 | $5,404.89 – Interest | |
| | | 10/06/2014 | $6,017.60 – Failure to pay penalty | |
| | | | $16.00 – Fees and collection Costs | |
| Income (1040) | 2008 | 04/05/2010 | $17,017.00 – Tax | $55,540.05 |
| | | 04/05/2010 | $3,557.70 – Late filing penalty | |
| | | 04/05/2010 | $547.00 – Estimated tax penalty | |
| | | 04/05/2010 | $768.37 – Interest | |
| | | 04/05/2010 | $948.72 – Failure to pay penalty | |
| | | 03/05/2012 | $270.00 – Late filing penalty | |
| | | 03/05/2012 | $1,200.00 – Additional tax from exam | |
| | | 08/20/2012 | $1,426.00 – Late filing penalty | |
| | | 08/20/2012 | $1,559.60 – Accuracy related penalty | |
| | | 08/20/2012 | $7,798.00 – Additional tax from exam | |
| | | 10/01/2012 | $3,166.26 – Failure to pay penalty | |
| | | 10/07/2013 | $4,874.38 – Interest | |

---

[1] The outstanding balance amounts in this table and the other two tables in paragraph 27 include accrued but unassessed penalties, interest, payments, credits, and other adjustments through September 20, 2019.

| | | 10/07/2013 | $1,079.76 – Failure to pay penalty | |
| | | 10/06/2014 | $1,306.40 – Interest | |
| | | 10/06/2014 | $1,007.76 – Failure to pay penalty | |
| **Total** | | | | $287,588.43 |

| Jim Sesma | | | | |
|---|---|---|---|---|
| **Type of Assessment** | **Tax Period** | **Assessment Date** | **Amount** | **Outstanding Balance as of Sept. 20, 2019** |
| § 6702 Frivolous Penalty | 2003 | 10/31/2011 | $10,000.00 | $11,443.23 |
| § 6702 Frivolous Penalty | 2004 | 10/31/2011 12/26/2011 | $10,000.00 $5,000.00 | $20,036.38 |
| § 6702 Frivolous Penalty | 2005 | 10/31/2011 12/26/2011 | $10,000.00 $5,000.00 | $20,036.38 |
| § 6702 Frivolous Penalty | 2006 | 11/28/2011 12/26/2011 | $10,000.00 $5,000.00 | $20,006.18 |
| § 6702 Frivolous Penalty | 2009 | 08/15/2011 10/10/2011 10/31/2011 11/07/2011 | $5,000.00 $5,000.00 $5,000.00 $5,000.00 | $26,804.85 |
| § 6702 Frivolous Penalty | 2010 | 01/02/2012 02/06/2012 | $5,000.00 $10,000.00 | $19,925.19 |
| **Total** | | | | $118,252.21 |

| Laura Sesma | | | | |
|---|---|---|---|---|
| **Type of Assessment** | **Tax Period** | **Assessment Date** | **Amount** | **Outstanding Balance as of Sept. 20, 2019** |
| § 6702 Frivolous Penalty | 2009 | 08/15/2011 08/22/2011 10/10/2011 10/31/2011 11/07/2011 | $5,000.00 $5,000.00 $5,000.00 $5,000.00 $5,000.00 | $33,592.21 |
| § 6702 Frivolous Penalty | 2010 | 01/02/2012 02/06/2012 | $5,000.00 $10,000.00 | $19,925.19 |
| **Total** | | | | $53,517.40 |

Complaint                    7
(Case No.)

28.     Pursuant to 26 U.S.C §6303, the IRS gave timely notice to the Sesmas of the assessments set forth in paragraph 27 and demanded payment of them.

29.     Despite notice and demand for payments of the assessments described in paragraph 27, the Sesmas have neglected, refused, or failed to fully pay the assessments against them.

30.     Since the dates of the assessments described in paragraph 27, interest, penalties and statutory additions have accrued and will continue to accrue, as provided by law. As of September 20, 2019, the outstanding balance of these assessments, including accrued interest and civil penalties, is $287,588.43 for their joint income tax liability, $118,252.21 for Jim Sesma's total § 6702 penalty liability, and $53,517.40 for Laura Sesma's total § 6702 penalty liability.

31.     Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens in favor of the United States arose on the dates of assessments and attached to all property and rights to property of the Sesmas.

32.     In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Lien as follows:

| Type of Tax | Taxpayer(s) | Tax Year(s) | Recording Date | Recording Place |
|---|---|---|---|---|
| Form 1040 (income) | Jim and Laura Sesma | 2006 | 03/06/2012 | Jackson County Recorder |
| Form 1040 (income) | Jim and Laura Sesma | 2006 | 03/02/2012 | Oregon Secretary of State |
| Form 1040 (income) | Jim and Laura Sesma | 2008 | 06/15/2010 | Jackson County Recorder |
| Form 1040 (income) | Jim and Laura Sesma | 2008 | 06/11/2010 | Oregon Secretary of State |
| § 6702 penalty | Jim Sesma | 2009 | 09/13/2011 | Jackson County Recorder |
| § 6702 penalty | Jim Sesma | 2009 | 09/12/2011 | Oregon Secretary of State |
| § 6702 penalty | Jim Sesma | 2003, 2004, 2005, 2006, 2009, 2010 | 03/06/2012 | Jackson County Recorder |

| § 6702 penalty | Jim Sesma | 2003, 2004, 2005, 2006, 2009, 2010 | 03/02/2012 | Oregon Secretary of State |
| § 6702 penalty | Laura Sesma | 2009, 2010 | 03/06/2012 | Jackson County Recorder |
| § 6702 penalty | Laura Sesma | 2009, 2010 | 03/02/2012 | Oregon Secretary of State |

33.    To provide notice to third parties pursuant to 26 U.S.C. § 6323, the IRS also filed a Notice of Federal Tax Lien against Coral Skies Enterprises and Red Sunset Enterprises as nominees of the Sesmas as follows:

| Type of Tax | Taxpayer(s) | Tax Year(s) | Recording Date | Recording Place |
|---|---|---|---|---|
| Form 1040 (income) | Coral Skies Enterprises as nominee of Jim and Laura Sesma | 2008 | 05/06/2011 | Jackson County Recorder |
| Form 1040 (income) | Coral Skies Enterprises as nominee of Jim and Laura Sesma | 2006 | 04/17/2012 | Jackson County Recorder |
| § 6702 penalty | Coral Skies Enterprises as nominee of Jim Sesma | 2003, 2004, 2005, 2006, 2009, 2010 | 04/17/2012 | Jackson County Recorder |
| § 6702 penalty | Coral Skies Enterprises as nominee of Laura Sesma | 2009, 2010 | 04/17/2012 | Jackson County Recorder |
| Form 1040 (income) | Red Sunset Enterprises as nominee of Jim and Laura Sesma | 2006 | 08/07/2012 | Oregon Secretary of State |

## COUNT I: REDUCE TO JUDGMENT FEDERAL INCOME TAX ASSESSMENTS AGAINST JIM AND LAURA SESMA FOR TAX YEARS 2006 AND 2008

34.    The United States incorporates the allegations in paragraphs 1 to 33.

35.    The IRS timely assessed federal income taxes, interest, and penalties against Jim and Laura Sesma for tax years 2006 and 2008, as described in paragraphs 20-23 and 27.

36.     Despite notice and demand for payment of the assessments described in paragraph 27, the Sesmas have not paid the full amount of the federal income tax liabilities assessed against them. The unpaid balance remains due in the amount of $287,588.43 as of September 20, 2019, plus all interest and statutory additions accruing thereafter.

37.     This action is brought within the appropriate statute of limitations for collection under 26 U.S.C. § 6502.

38.     Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Jim and Laura Sesma for the unpaid balance of the assessments described in paragraph 27, plus interest and other statutory additions accruing to the date of payment.

## COUNT II: REDUCE TO JUDGMENT FEDERAL FRIVOLOUS TAX SUBMISSION PENALTY ASSESSMENTS AGAINST JIM SESMA

39.     The United States incorporates the allegations in paragraphs 1 to 38.

40.     From 2003 to 2011, Jim Sesma submitted many frivolous tax submissions and other correspondence to the IRS.

41.     These include IRS Forms 1040 for 2004, 2005 and 2006 that reported excessive withholding and estimated tax payments using IRS Forms 1099-OID that resulted in significantly overstated overpayment amounts.

42.     Jim Sesma also submitted IRS Forms 1040 and 1040X for 2003, 2005, 2006, 2009, and 2010 with attachments purporting to show payment of reported tax through "Private Registered Setoff Bonds" directed to the U.S. Treasury Secretary, UCC filings, and IRS Forms 1040-V Payment vouchers. These are not valid methods of payment, and for some of these years, Jim Sesma submitted up to four different returns with the frivolous payment attachments.

43.     All of the submissions described in paragraphs 40-42 were "frivolous tax submissions" that purported to be tax returns but did not contain information on which the

substantial correctness of the self-assessment could be judged or contained information that on their face indicated the self-assessment was substantially incorrect, and the submissions were based on positions the IRS had identified as frivolous or reflected a desire to delay or impede the administration of federal tax laws.

44.     Based on the frivolous submissions from the Sesmas, the IRS timely assessed penalties against Jim Sesma for frivolous submissions pursuant to 26 U.S.C. § 6702 as described in paragraph 27 .

45.     Despite notice and demand for payment of the assessments described in paragraph 27, Jim Sesma has not paid the full amount of the § 6702 penalties assessed against him. The unpaid balance remains due in the amount of $118,252.21 as of September 20, 2019 plus all interest and statutory additions accruing thereafter.

46.     This action is brought within the appropriate statute of limitations for collection under 26 U.S.C. § 6502.

47.     Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Jim Sesma for the unpaid balance of the § 6702 assessments described in paragraph 27, plus interest and other statutory additions accruing to the date of payment.

**COUNT III: REDUCE TO JUDGMENT FEDERAL FRIVOLOUS TAX SUBMISSION PENALTY ASSESSMENTS AGAINST LAURA SESMA**

48.     The United States incorporates the allegations in paragraphs 1 to 47.

49.     From 2003 to at least 2011, Laura Sesma submitted many frivolous tax returns and correspondences to the IRS.

50.     These included IRS Forms 1040 for 2009 and 2010 with attachments purporting to show payment of reported tax through "Private Registered Setoff Bonds" directed to the U.S. Treasury Secretary, UCC filings, and IRS Forms 1040-V Payment vouchers. These are not valid

methods of payment, and for some of these years, Laura Sesma submitted up to five different returns with the frivolous payment attachments.

51.     All of the submissions described in paragraphs 49-50 were "frivolous tax submissions" that purported to be tax returns but did not contain information on which the substantial correctness of the self-assessment could be judged or contained information that on their face indicated the self-assessment was substantially incorrect, and the submissions were based on positions the IRS had identified as frivolous or reflected a desire to delay or impede the administration of federal tax laws.

52.     Based on the frivolous submissions from the Sesmas, the IRS timely assessed penalties against Laura Sesma for frivolous submissions pursuant to 26 U.S.C. § 6702 as described in paragraph 27 .

53.     Despite notice and demand for payment of the assessments described in paragraph 27, Laura Sesma has not paid the full amount of the § 6702 penalties assessed against her. The unpaid balance remains due in the amount of $53,517.40 as of September 20, 2019 plus all interest and statutory additions accruing thereafter.

54.     This action is brought within the appropriate statute of limitations for collection under 26 U.S.C. § 6502.

55.     Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Laura Sesma for the unpaid balance of the § 6702 assessments described in paragraph 27, plus interest and other statutory additions accruing to the date of payment.

**COUNT IV: DETERMINE THAT CORAL SKIES ENTERPRISES HOLDS TITLE TO THE REDTHORNE ROAD PROPERTY AS NOMINEE OR ALTER EGO OF JIM AND LAURA SESMA**

56.     The United States incorporates by reference the allegations in paragraphs 1 through 55.

57.     The Sesmas purchased the Redthorne Road Property for $380,000 in September 2004, using funds from a Wells Fargo checking account and D.A. Davidson investment account in their name or of which they were the beneficiaries.

58.     The Sesmas transferred the Redthorne Road Property to Coral Skies Enterprises for inadequate consideration in May of 2007, a time when they had not filed federal income tax returns for several years and were espousing frivolous challenges against the tax system. The transfer did not go through a title company, and the property bill of exchange used to transfer the Redthorne Road Property listed Jim Sesma as executive trustee of Coral Skies Enterprises.

59.     The Sesmas have continued to reside in the Redthorne Road Property since the transfer to Coral Skies Enterprises in 2007 and have exercised possession and control without interference from Coral Skies.

60.     The Sesmas have not paid rent to Coral Skies Enterprises for the continued use of the Redthorne Road Property.

61.     The Sesmas have paid property tax for the Redthorne Road Property from a checking account in the name of an entity of which Jim Sesma is listed as the president and executive trustee, and which the IRS has previously identified as a nominee of the Sesmas. Checks from the entity to pay property tax on the Redthorne Road Property are signed by Jim Sesma.

62.     Coral Skies Enterprises is not a registered entity anywhere, but on documents involving Coral Skies, Jim Sesma is listed as the executive trustee. Documents including the address for Coral Skies Enterprises use the same address as the Sesmas' home, the Redthorne Road Property.

63.     On information and belief, the Sesmas placed the Redthorne Road Property in the name of Coral Skies Enterprises to shield it from the United States as a creditor.

64.     Coral Skies Enterprises would be unjustly enriched if it were permitted to keep the Redthorne Road Property in its own right.

65.     Accordingly, Coral Skies Enterprises holds title to the Redthorne Road Property as a nominee or alter ego of the Sesmas. Jim and Laura Sesma should be recognized as the true owners of the Redthorne Road Property, and the federal tax liens against them should attach to it.

## COUNT V: DETERMINE THAT THE REDTHORNE ROAD PROPERTY WAS FRAUDULENTLY CONVEYED TO CORAL SKIES ENTERPRISES

66.     The United States incorporates by reference the allegations in paragraphs 1 to 65.

67.     In the alternative, the transfer of the Redthorne Road Property from the Sesmas to Coral Skies Enterprises should be set aside because the Sesmas transferred the property (1) with the intent to hinder, delay, and defraud creditors, including the United States; (2) without receiving reasonably equivalent value as consideration, and they knew or reasonably should have known that they had or would incur debts beyond their ability to pay as they became due; or (3) without receiving reasonably equivalent value as consideration, and they made the transfer after becoming indebted to the United States and were insolvent at the time of the transfer or became insolvent as a result of the transfer. *See* Or. Rev. Stat. §§ 95.230 and 95.240. All of the federal tax liens against Jim and Laura Sesma should therefore attach to the Redthorne Road Property.

### COUNT VI: DETERMINE THAT RED SUNSET ENTERPRISES HOLDS TITLE TO THE AIRPLANE AS NOMINEE OR ALTER EGO OF JIM AND LAURA SESMA

68.     The United States incorporates by reference the allegations in paragraphs 1 to 67.

69.     The Sesmas purchased the Airplane in 1990.

70.     The Sesmas transferred the Airplane to Red Sunset Enterprises in October 2007, a time when they had not filed federal income tax returns for several years and were espousing frivolous challenges against the tax system.

71.     There are no records of actual payment from Red Sunset Enterprises to the Sesmas for the Airplane.

72.     Red Sunset Enterprises is not a registered entity. Its listed address is the same as the Sesmas' home, the Redthorne Road Property, and Jim Sesma is listed as its Executive Trustee.

73.     Jim Sesma is named on the FAA registration for the Airplane, and in June of 2008, after the transfer to Red Sunset Enterprises, Jackson County executed an amended hangar rental agreement for the Airplane and listed Jim Sesma as the tenant. The Sesmas therefore exercise control over the use of the Airplane.

74.     On information and belief, the Sesmas pay the costs associated with keeping the Airplane at its hangar.

75.     On information and belief, the Sesmas placed the Airplane in the name of Red Sunset Enterprises to shield it from the United States as a creditor. This was done around the same time they transferred title in the Redthorne Road Property to Coral Skies Enterprises.

76.     Red Sunset Enterprises would be unjustly enriched if it were permitted to keep the Airplane in its own right.

77.     Accordingly, Red Sunset Enterprises holds title to the Airplane as a nominee or alter ego of the Sesmas. Jim and Laura Sesma should be recognized as the true owners of the Airplane, and the federal tax liens against them should attach to the Airplane.

### COUNT VII: DETERMINE THAT THE AIRPLANE WAS FRAUDULENTLY CONVEYED TO RED SUNSET ENTERPRISES

78.     The United States incorporates by reference the allegations in paragraphs 1 to 77.

79.     In the alternative, the transfer of the Airplane from the Sesmas to Red Sunset Enterprises should be set aside because the Sesmas transferred the Airplane (1) with the intent to hinder, delay, and defraud creditors, including the United States; (2) without receiving reasonably equivalent value as consideration, and they knew or reasonably should have known that they had or would incur debts beyond their ability to pay as they became due; or (3) without receiving reasonably equivalent value as consideration, and they made the transfer after becoming indebted to the United States and were insolvent at the time of the transfer or became insolvent as a result of the transfer. *See* Or. Rev. Stat. §§ 95.230 and 95.240. All of the federal tax liens against Jim and Laura Sesma should therefore attach to the Airplane.

### COUNT VIII: FORECLOSE FEDERAL TAX LIENS ON THE SUBJECT PROPERTY

80.     The United States incorporates by reference the allegations in paragraphs 1 to 79.

81.     Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the tax assessment dates shown in paragraph 27 against all property and rights to property belonging to Jim and Laura Sesma.

82.     To provide notice to third parties, the United States recorded Notices of Federal Tax lien for the tax periods and on the dates described in paragraph 32 and 33 with the Jackson County Recorder and Oregon Secretary of State.

83.     The federal tax liens attach to the Redthorne Road Property and the Airplane, which are held in the names of Coral Skies Enterprises and Red Sunset Enterprises as nominees or alter egos of the Sesmas.

84.     In the alternative, the federal tax liens attach to the Redthorne Road Property and the Airplane because the United States is entitled to avoid the transfer of them from the Sesmas to Coral Skies Enterprises and Red Sunset Enterprises under the Oregon Uniform Fraudulent Transfer Act, Or. Rev. Stat. §§ 95.230 and 95.240.

85.     The United States' federal tax liens have priority over all interests in the Redthorne Road Property and Airplane acquired after the attachment of the liens, subject to 26 U.S.C. § 6323.

86.     Under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens by foreclosing upon and selling the Redthorne Road Property and Airplane.

REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A.     That judgment be entered in favor of the United States and against Jim and Laura Sesma for income tax liabilities for 2006 and 2008 in the amount of $287,588.43, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from September 20, 2019 until judgment is paid, less any applicable credits and payments.

B.     That judgment be entered in favor of the United States and against Jim Sesma for frivolous tax submission penalties in the amount of $118,252.21, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which

Complaint                                    17
(Case No.)

have accrued and will continue to accrue according to law from September 20, 2019 until judgment is paid, less any applicable credits and payments.

  C.  That judgment be entered in favor of the United States and against Laura Sesma for frivolous tax submission penalties in the amount of $53,517.40, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from September 20, 2019 until judgment is paid, less any applicable credits and payments.

  D.  That the Court determine that Coral Skies Enterprises holds title to the Redthorne Road Property as a nominee or alter ego of Jim and Laura Sesma.

  E.  In the alternative, that the United States is entitled to avoid the transfer of the Redthorne Road Property to Coral Skies Enterprises from Jim and Laura Sesma under the Oregon Uniform Fraudulent Transfer Act, Or. Rev. Stat. §§ 95.230 and 95.240.

  F.  That the Court determine that Red Sunset Enterprises holds title to the Airplane as a nominee or alter ego of Jim and Laura Sesma.

  G.  In the alternative, that the United States is entitled to avoid the transfer of the Airplane to Red Sunset Enterprises from Jim and Laura Sesma under the Oregon Uniform Fraudulent Transfer Act, Or. Rev. Stat. §§ 95.230 and 95.240.

  H.  That the United States' federal tax liens against Jim and Laura Sesma for income tax for 2006 and 2008; against Jim Sesma for 26 U.S.C. § 6702 penalties for 2003, 2004, 2005, 2006, 2009, and 2010; and against Laura Sesma for 26 U.S.C. § 6702 penalties for 2009 and 2010 attach to the Redthorne Road Property and Airplane, and that the United States has valid and subsisting liens against them.

Complaint        18
(Case No.)

I.    Order that the federal tax liens of the United States be foreclosed upon the

Redthorne Road Property and Airplane, that the Redthorne Road Property and Airplane be sold,

and that the proceeds from the sale be distributed to the United States and any other creditors in

their respective priorities, in accordance with the Court's findings as to the validity and priority

of the liens and claims of all the parties;

J.    That the United States be awarded its costs and such other relief as is just and

proper.


Dated: October 3, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


/s/ Alexander E. Stevko
ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice

Of Counsel:
BILLY J. WILLIAMS
United States Attorney
District of Oregon
*Counsel for the United States*

JS 44 (Rev 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Jim L. Sesma; Laura D. Sesma; Coral Skies Enterprises; Red Sunset Enterprises; Oregon Department of Revenue; Jackson County, Oregon

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander Stevko, Tax Division, U.S. Department of Justice
P.O. Box 683, Washington, D.C. 20044
202-616-2380

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402 and 7403

Brief description of cause:
Reduce tax assessments to judgment and foreclose tax liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
459,357.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
10/3/19

SIGNATURE OF ATTORNEY OF RECORD
*Alexander G. Stevko*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

JS 44 Reverse (Rev. 09/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )  Civil Action No. |
| | ) |
| Jim L. Sesma; Laura D. Sesma; Coral Skies Enterprises; Red Sunset Enterprises; Oregon Department of Revenue; and Jackson County, Oregon | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Jim L. Sesma
7888 Redthorne Road
Rogue River, OR 97537

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| | ) |
| Jim L. Sesma; Laura D. Sesma; Coral Skies | ) |
| Enterprises; Red Sunset Enterprises; Oregon | ) |
| Department of Revenue; and Jackson County, | ) |
| Oregon | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Laura Sesma
7888 Redthorne Road
Rogue River, OR 97537

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                                *Server's signature*

                                                                _____
                                                                *Printed name and title*


                                                                _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Jim L. Sesma; Laura D. Sesma; Coral Skies Enterprises; Red Sunset Enterprises; Oregon Department of Revenue; and Jackson County, Oregon | ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Coral Skies Enterprises
7888 Redthorne Road
Rogue River, OR 97537

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10063; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10063; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10063; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10063; I returned the summons unexecuted because _____ ; or

&#10063; Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                     _____
                                                                   *Server's signature*

                                            _____
                                                                  *Printed name and title*


                                            _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Jim L. Sesma; Laura D. Sesma; Coral Skies | ) | |
| Enterprises; Red Sunset Enterprises; Oregon | ) | |
| Department of Revenue; and Jackson County, | ) | |
| Oregon | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Red Sunset Enterprises
7888 Redthorne Road
Rogue River, OR 97537

　　　　A lawsuit has been filed against you.

　　　　Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:　　Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

　　　　If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| United States of America<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>Jim L. Sesma; Laura D. Sesma; Coral Skies<br>Enterprises; Red Sunset Enterprises; Oregon<br>Department of Revenue; and Jackson County,<br>Oregon<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Oregon Department of Revenue
955 Center St. NE
Salem, OR 97301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                                _____
                                                          *Printed name and title*


                                                _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Jim L. Sesma; Laura D. Sesma; Coral Skies | ) | |
| Enterprises; Red Sunset Enterprises; Oregon | ) | |
| Department of Revenue; and Jackson County, | ) | |
| Oregon | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Jackson County, Oregon
10 S. Oakdale Ave.
Medford, OR 97501

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc: