DAVID A. HUBBERT
Deputy Assistant Attorney General

ALEXANDER E. STEVKO (CA Bar No. 301359)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

Counsel for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-cv-01581-MC |
| Plaintiff, | ORDER OF FORECLOSURE AND DECREE OF SALE |
| v. | |
| JIM L. SESMA; LAURA D. SESMA; CORAL SKIES ENTERPRISES; RED SUNSET ENTERPRISES; OREGON DEPARTMENT OF REVENUE; and JACKSON COUNTY, OREGON, | |
| Defendants. | |

 The Court, having entered judgment against defendants Jim and Laura Sesma pursuant to

26 U.S.C. §§ 7402 and 7403, hereby orders as follows:

1.      Jim and Laura Sesma are indebted to the United States for unpaid income tax and civil penalty assessments, plus interest and statutory additions, which will continue to accrue until paid. On September 12, 2023, the Court entered judgment in favor of the United States against Jim and Laura Sesma jointly in the amount of $340,833.39, Jim Sesma personally in the amount of $142,457.33, and Laura Sesma personally in the amount of $71,348.89. These balances are all as of July 31, 2023, and they will continue to accrue interest and statutory additions until paid.

2.      The property on which foreclosure is sought (the "Subject Property") is located at 7888 Redthorne Rd., Rogue River, Oregon 97537. Its account number is 1-0713631 and its legal description is "Lot 9 of Redthorne Subdivision, Jackson County, Oregon."

3.      On On September 12, 2023 the Court entered judgment in favor of the United States and against Jim and Laura Sesma, recognizing that tax liens arising due to the unpaid tax assessments referenced in paragraph 1 above attach to the Subject Property

4.      Section 7403 of the Internal Revenue Code entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds to the tax liabilities of Jim and Laura Sesma.

5.      Jackson County, Oregon is the only other claimant to the Subject Property (ECF No. 10). All other parties have had default entered against them (ECF No. 20).

6.      The United States' federal tax liens against the Subject Property are hereby foreclosed. The United States Marshal for the District of Oregon, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property, free and clear of the right, title, and interest of all parties to this action and any

successors in interest or transferees of those parties. The United States may choose either the United States Marshal or PALS to carry out the sale under this Order of Foreclosure and Decree of Sale and shall make the arrangements for any sale as set forth in this Order.

7.     The United States Marshal for the District of Oregon, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Subject Property is delivered to the ultimate purchaser.

8.     The terms and conditions of the sale shall be:

a.     Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

b.     The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c.     The sale shall be held at the courthouse of the borough or city in which the Subject Property is located, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

d.     Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Jackson County, Oregon and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law. The notice shall contain a description of the Subject Property and shall

contain the material terms and conditions of sale in this Order of Foreclosure and Decree of Sale.

e.      The minimum bid will be set by the Internal Revenue Service for the Subject Property. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

f.      The successful bidder for the Subject Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Oregon. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

g.      The balance of the purchase price for the Subject Property is to be paid to the Marshal, his/her representative, or a PALS (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Oregon. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liabilities of Jim and Laura Sesma at issue herein. The Property shall be offered again for sale under the terms and conditions

of this order of sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash.

      h.      The sale of the Subject Property shall be subject to confirmation by this Court. The United States shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within thirty (30) days from the date of receipt of the balance of the purchase price.

      i.      Upon confirmation of the sale, the Marshal or PALS shall promptly execute and deliver a deed of judicial sale conveying the Property to the purchaser.

      j.      Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Property that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state law shall not apply to this sale under federal law.

      k.      All rights to rents of or from the Property arising after the final judgment in this action and before the confirmation of the sale of the Property shall constitute proceeds of the Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to product, offspring, rents, and profits of or from the Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Property shall transfer to the successful bidder(s).

l.      Upon confirmation of the sale, the purchaser shall have the Jackson County Clerk and Recorder record the transfer of the Subject Property upon that District's register of title.

8.      Until the Subject Property is sold, Jim and Laura Sesma shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Subject Property nor cause nor permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

9.      All persons occupying the Subject Property shall leave and permanently vacate the Subject Property within six months of the date of this Order, taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such Subject Property is being conducted by a PALS representative. Such action may include, but is not limited to, the use of reasonable force, and to enter and

remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order. The Unites States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Subject Property, he/she shall relinquish possession and custody of the Subject Property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Subject Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

10.    If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the PALS representative and/or the United States Marshal's Office is authorized and directed to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the tax liabilities described in paragraph 1.

11.    The Marshal, his/her representative, or a PALS shall deposit the amount paid by the purchaser into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied:

a.      First to the IRS PALS and/or Marshal, for allowed costs and expenses of

sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount

sufficient to cover the costs of any steps taken to secure or maintain the Subject Property

pending sale and confirmation by the Court;

b.      Second, to Jackson County, for any and all liens it may have on the

Subject Property for unpaid real property taxes or special assessments at the time of the

sale;

c.      Third, to the United States to satisfy the federal tax liens against Jim and

Laura Sesma which are reflected in the judgment described in paragraph 1;

d.      Any balance remaining after the above payments shall be held by the

Clerk until further order of the Court.


IT IS SO ORDERED.


Dated this 12th day of September 2023.


                                          ____s/Michael J. McShane_____
                                          Honorable Michael J. McShane
                                          United States District Judge


Order of Foreclosure                              8
(Case No. 1:19-cv-01581-MC)